**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(E-Filed: November 19, 2007)

| | | |
|---|---|---|
| THOMAS F. ABERNETHY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-651 L<br>Honorable Victor J. Wolski |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

STEVEN D. BRYANT
Environment & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants
202-305-0424

Of Counsel:

ROBERT J. SMITH
Navy Litigation Office
Washington, D.C. 20374
Dated this 19th day of November, 2007

## TABLE OF CONTENTS

Defendant's Motion to Dismiss or, Alternatively, For Summary Judgment ……………………………………………………………………………….1

Memorandum in Support of Defendant's Motion to Dismiss or for Summary Judgment ....................................................................................................2

Factual and Procedural Background ........................................................................................2

I. Askins and Abernethy Complaints ........................................................................2

II. Denial of Class Certification in Testwuide ........................................................2

III. Notice to Potential Class Members and Subsequently Filed Cases....................................3

Summary of Argument ........................................................................................................5

Argument ................................................................................................................6

I. Standards for Dismissal and Summary Judgment ..................................................6

II. Plaintiff's Claims are Barred by the Six-Year Statute of Limitations ........................................................................................8

A. Plaintiff's Claim is Subject to the Six-Year Statute of Limitations ..............................................................8

B. Plaintiff's Bear the Burden of Establishing the Court's Jurisdiction ..................................................................9

III. Plaintiffs Claims are Barred by the Doctrine of Laches …………………………………11

Conclusion ................................................................................................................15

## TABLE OF AUTHORITIES

### CASES

A.C. Aukerman Co. v. R.L. Chaides Const. Co.,
960 F.2d 1020 (Fed. Cir. 1992) (en banc) ....................11

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) ....................6

Alliance of Descendant of Texas Land Grants v. United States,
37 F.3d 1478 (Fed. Cir. 1994)
....................10

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)....................7

Ariadne Financial Services Pty. Ltd. v. United States,
133 F.3d 874 (Fed. Cir. 1998) cert. denied, 525 U.S. 823 (1998)....................9

Avia Group Int'l, Inc. v. L.A. Gear California, Inc.,
853 F.2d 1557 (Fed. Cir. 1988) ....................7

Bender v. Williamsport Area School Dist.,
475 U.S. 534 (1986)....................10

Bond v. United States,
47 Fed. Cl. 641 (2000)....................6

Borough of Alpine v. United States,
923 F.2d 170 (Fed. Cir. 1991)
....................9

Bowen v. United States,
292 F.3d 1383 (Fed. Cir. 2002) ....................10

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983) ....................6

C.W. Over & Sons, Inc. v. United States,
44 Fed. Cl. 18 (1999)....................7

Catellus Dev. Corp. v. United States,

31 Fed. Cl. 399 (1994) ....................9

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) ....................7

Celotex v. Cattrett,
477 U.S. 317 (1986) ....................7, 8

Chandler v. United States,
47 Fed. Cl. 106 (2000) ....................10

Citizens Concerned About Jet Noise v. Dalton,
48 F. Supp. 2d 582 (E.D. Va. 1999), aff'd, 217 F.3d 838 (4th Cir. 2000) ....................2, 13

Cloutier v. United States,
19 Cl. Ct. 326 (1990), aff'd mem., 937 F.2d 622 (Fed. Cir. 1991) ....................7, 8

Cook v. United States,
32 Fed. Cl. 783 (1995) ....................8

D'Andrea v. United States,
27 Fed. Cl. 612, aff'd, 6 F.3d 786 (Fed. Cir. 1993) ....................8

DeGraffenried v. United States,
20 Cl. Ct. 458 (1990) ....................11

Eurell v. United States,
215 Ct. Cl. 273, 566 F.2d 1146 (1977) ....................11

Fallini v. United States,
56 F.3d 1378 (Fed. Cir. 1995), cert. denied, 517 U.S. 1243 (1996) ....................10

Fanning, Phillips, Molnar v. West,
160 F.3d 717 (Fed. Cir. 1998) ....................6

Ferreiro v. United States,
350 F.3d 1318 (Fed. Cir. 2003) ....................6

Figuera v. United States,
57 Fed. Cl. 488 (2003) ....................7

Franconia Assocs. v. United States,
240 F.3d 1358 (Fed. Cir. 2001) ....................8

Hair v. United States,
52 Fed. Cl. 279 (2002), aff'd, 350 F.3d 1253 (Fed. Cir. 2003) ........................................10

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1998)
…………………………………………………………….8

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) ........................................................................................8

John R. Sand v. United States,
457 F.3d 1345 (Fed. Cir. 2006(cert. denied) 127 S. Ct. 2877
(May 29, 2007) (No. 06-1164) ……………………………………………………….8

King Bridge Co. v. Otoe County,
120 U.S. 225 (1887)..........................................................................................................10

McDonald v. United States,
37 Fed. Cl. 110 (1997) ......................................................................................................10

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936)......................................................................................................6, 10

Mason v. United States,
27 Fed. Cl. 832 (1993) ………………………………………………………..…10

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) ........................................................................................7

Pixton v. B & B Plastics, Inc.,
291 F.3d 1324 (Fed. Cir. 2002) ........................................................................................6

Pratt & Whitney Canada Inc. v. United States,
12 Cl. Ct. 221 (1987) .........................................................................................................11

Raitport v. United States,
33 Fed. Cl. 155 (1995) ...............................................................................................11, 12

Renne v. Geary,
501 U.S. 312 (1991)..........................................................................................................10

Reynolds v. Army & Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) .......................................................................................7, 9

Sheuer v. Rhodes,
416 U.S. 232 (1974) ....................6

Simmons v. United States,
53 Fed. Cl. 131 (2002), aff'd, No. 02-5163, 2003 WL
23415938 (Fed. Cir. Jan. 10, 2003) (unpublished per curiam)....................9

Soriano v. United States,
352 U.S. 270 (1957) ....................5-6, 9

Steel Improvement & Forge Co. v. United States,
174 Ct. Cl. 24 355 F.3d 627 (1966) ....................10

Tabb Lakes v. United States,
26 Cl. Ct. 1334 (1992), aff'd, 10 F.3d 796 (Fed. Cir. 1993) ....................8

Testwuide v. United States,
56 Fed. Cl. 755 (2003)....................2

Testwuide v. United States,
73 Fed.Appx. 395 (Fed. Cir. 2003)....................3

Thomson v. Gaskill,
315 U.S. 442 (1942)....................9

Truckee-Carson Irrigation Dist. v. United States,
14 Cl. Ct. 361 (1988) ....................7

United States v. Diebold, Inc.,
369 U.S. 654 (1961) (per curiam)....................7

**STATUTES**

28 U.S.C. § 2501....................1, 5, 8

National Environmental Policy Act
42 U.S.C. § 4321....................13

**RULES**

RCFC 56 .....................................................................................................................................1

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(h)(3), Defendant, the United States of America, hereby moves to dismiss Plaintiffs' Complaint for lack of jurisdiction on the ground that Plaintiffs' claims are barred by the six-year statute of limitations, 28 U.S.C. § 2501.[1] Plaintiff's Complaint was filed September 5, 2007. To be timely, plaintiff's claims must have accrued no earlier than six years prior to that date, or September 5, 2001. However, Plaintiffs' claims accrued, at the latest, on July 1, 1999 – the date Plaintiffs allege the operation of the F/A-18 C/D Hornet aircraft at Naval Air Station ("NAS") Oceana and Naval Auxiliary Landing Field ("NALF") Fentress interfered with Plaintiffs' use and enjoyment of their properties. See Compl. ¶¶ 5, 29. Operation of the F/A-18 C/D Hornet at NAS Oceana and NALF Fentress forms the sole basis for the alleged overflight taking. Compl. ¶¶ 26-34. Given that Plaintiffs' claims accrued more than six years prior to the filing of the Complaint on September 5, 2007, Plaintiffs' Complaint must be dismissed by this Court for lack of jurisdiction.

Alternatively, Defendant moves for summary judgment pursuant to RCFC 56 on the grounds that Plaintiffs' claims are barred by the doctrine of laches. Plaintiffs' decision to sit on their claims for more than eight years after their alleged date of taking and more than two years after several thousand similarly-situated plaintiffs filed their claims, was unreasonable and has prejudiced Defendant; therefore, Plaintiffs claims should be barred.

[1] Defendant believes that a motion to dismiss on statute of limitations grounds is properly presented pursuant to RCFC 12(b)(1). However, to the extent that this Court concludes such a motion should instead be based on failure to state a claim, Defendant alternatively brings this motion pursuant to RCFC 12(b)(6).

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**FACTUAL AND PROCEDURAL BACKGROUND**

## I. Askins And Abernethy Complaints

Plaintiffs filed their Complaint in this Court on September 5, 2007, alleging an overflight taking stemming from the transfer and operation of nine F/A-18 C/D Hornet squadrons and the F/A-18 C/D Fleet Replacement Squadron ("FRS") to NAS Oceana from NAS Cecil Field, Florida.[2] Compl. ¶¶ 26-34. The same day, 10 plaintiffs acting as purported class representatives filed their Class Action Complaint in a related case, Askins, et. al. v. United States, No. 07-650, alleging identical overflight takings claims as a result of Hornet operations at NAS Oceana and NALF Fentress with respect to properties in Virginia Beach and Chesapeake, Virginia.[3] Nine related cases have been previously filed in this Court alleging the same overflight taking alleged in Askins and Abernethy.

## II. Denial Of Class Certification In Testwuide

On April 5, 2001, nine named plaintiffs filed the first complaint, Testwuide, as putative class representatives alleging an overflight taking as a result of the operation of the Hornet aircraft at NAS Oceana and NALF Fentress. This Court denied the plaintiffs' motion for class certification on June 17, 2003. See Testwuide v. United States, 56 Fed. Cl. 755, 765-66 (2003). In the Order denying class certification, the Court *sua sponte* certified the question of class certification for interlocutory appeal to the United States Court of Appeals for the Federal

---

[2] A local citizens group, Citizens Concerned About Jet Noise ("CCAJN"), unsuccessfully challenged the Navy's decision to relocate the squadrons from NAS Cecil Field to NAS Oceana. See Citizens Concerned About Jet Noise v. Dalton, 48 F. Supp. 2d 582 (E.D. Va. 1999), aff'd, 217 F.3d 838 (4th Cir. 2000). The first F/A-18 C/D Hornet squadrons arrived at NAS Oceana in December 1998 and have been flying since that time. Compl. ¶ 29.

[3] Simultaneous with the filing of this motion, Defendant filed a separate Motion to Dismiss or Alternatively for

Circuit. Id. at 767. Plaintiffs subsequently filed a petition in the Federal Circuit seeking permission to file an interlocutory appeal of the trial court's order denying class certification. Defendant opposed plaintiffs' petition. On August 1, 2003, the Federal Circuit denied plaintiffs' petition for an interlocutory appeal. Testwuide v. United States, 73 Fed.Appx. 395 (Fed. Cir. 2003).

**III. Notice To Potential Class Members And Subsequently Filed Cases**

Following the Federal Circuit's denial of plaintiffs' petition for an interlocutory appeal, three additional related complaints were filed in early 2004: Burlage, et. al. v. United States, No. 04-120 L, Adams, et. al. v. United States, No. 04-279 L, and Anderson, et. al. v. United States, No. 04-333 L.[4] Throughout the remainder of 2004, four additional related complaints were filed: Beagle, et. al. v. United States, No. 04-1176 L, Aralar, et. al. v. United States, No. 04-1280 L, Whitley, et. al. v. United States, No. 04-1331 L, and Price, et. al. v. United States, No. 04-1718 L.[5] On February 14, 2005, the eight related complaints were consolidated into one action with Testwuide serving as the lead case.[6] The filing of these actions resulted in approximately 2,100 total properties and 3,400 plaintiffs in the related cases.

The same counsel represented the plaintiffs in all nine cases before this Court and also represent Plaintiffs here and in Askins. These counsel are members of the Jet Noise Litigation Group. That group undertook sophisticated and comprehensive efforts to thoroughly inform the Virginia Beach and Chesapeake, Virginia communities of potential claims that these property

---

Summary Judgment in Askins.

[4] Burlage was filed January 29, 2004, Adams was filed March 2, 2004, and Anderson was filed on March 8, 2004.

[5] Beagle was filed on July 19, 2004, Aralar was filed on August 13, 2004, Whitley was filed on August 16, 2004, and Price was filed on November 29, 2004.

[6] Another related case, Mack, et. al. v. United States, 05-628, was filed on June 16, 2005, two weeks before the expiration of the statute of limitations, but was not formally consolidated.

owners might have under the Fifth Amendment based on the operation of the F/A-18 C/D. Notification to the communities was made through mass-mailings, the Internet, and direct solicitations. See Ex. A. (OCE228590-596); **www.jetnoiselawsuit.com**. Brochures containing information about the first nine lawsuits were provided to the community, and the Jet Noise Litigation Group maintains a website containing information about all lawsuits. See Ex. A. (OCE228591-595); **www.jetnoiselawsuit.com**. The website previously included an online application where potential plaintiffs were encouraged to submit information to be evaluated by the litigation group.

One Jet Noise Litigation Group brochure informed recipients that "Your property is NOT covered by the [Testwuide] lawsuit or the two subsequent suits we have filed." Ex. A (OCE228590) (emphasis in original). The brochure added that the litigation group could not state when homeowners' claims would be barred by the statute of limitations, but "it is prudent to file all claims within a very short time." Id. For those homeowners interested in becoming a plaintiff, the brochure provided a phone number, fax number, website address, and additional contact information for the litigation group. The litigation group also requested that interested homeowners complete and return a questionnaire. Id. As a result of these efforts, Plaintiffs' counsel were able to enlist approximately 3,400 individuals in the consolidated actions.

Additionally, the Testwuide litigation, as well as the earlier lawsuit opposing the relocation of the F/A 18 – C/D aircraft to NAS Oceana was extensively documented in local newspaper articles and on television broadcasts, and through the citizen group CCAJN. See e.g. Ex. B (sampling of Virginian-Pilot newspaper articles); also Ex. C (CCAJN Survey).

On May 15, 2007, the parties entered into a Settlement Agreement to resolve the

Testwuide and Mack litigation. Currently, the parties are effectuating the terms of the settlement, including the United States' acquisition and recordation of avigation easements over the majority of the properties. At the conclusion of the settlement, it is anticipated that all but a handful of plaintiffs' claims in the related cases (which includes approximately 2,100 properties) will be resolved.

**SUMMARY OF ARGUMENT**

In all eleven cases before this Court, Defendant denies that the aircraft operations of the relocated squadrons have resulted in an overflight taking. As this Court is aware, Defendant filed a Motion to Dismiss, or Alternatively, for Summary Judgment in Testwuide because the claims of the twelve test case plaintiffs were time-barred based on earlier aircraft operations at NAS Oceana and NALF Fentress before the Hornet squadrons were transferred to NAS Oceana from NAS Cecil Field. Of course, if the statute of limitations expired based on earlier aircraft operations, then the filing of this class action complaint cannot revive Plaintiffs' claims. Nevertheless, for purposes of this motion (and without intent to waive any other statute of limitations arguments)[7], Defendant is not relying on the earlier operations to invoke the statute of limitations. Instead, Defendant's motion to dismiss addresses Plaintiffs' alleged accrual date – July 1, 1999. Compl. ¶¶ 5, 29. Because Plaintiffs delayed filing this cause of action until September 5, 2007, more than eight years after the accrual of Plaintiffs' claims, it is time-barred under the six-year statute of limitations set forth in 28 U.S.C. § 2501. This case must, therefore, be dismissed for lack of jurisdiction. Alternatively, this Court should grant Defendant summary judgment on the grounds that Plaintiffs' claims are barred by laches.

---

[7] It is well established that the statute of limitations in this Court is jurisdictional and may not be waived. Soriano v.

## ARGUMENT

### I. Standards for Dismissal and Summary Judgment

Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Bond v. United States, 47 Fed. Cl. 641, 647 (2000) (quoting Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983)). Subject matter jurisdiction may be challenged at any time by the parties or by the court sua sponte. Fanning, Phillips, Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true the complaints' undisputed factual allegations and construe the facts in the light most favorable to the plaintiffs. Figuera v. United States, 57 Fed. Cl. 488, 492 (2003) (citing Sheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002). However, if a motion to dismiss challenges the truth of jurisdictional facts alleged in the complaints, the allegations in the complaints are not controlling, and the court may consider relevant evidence in order to resolve the factual dispute. Ferreiro v. United States, 350 F.3d 1318, 1324 (Fed. Cir. 2003) ("A trial court may weigh relevant evidence when it considers a motion to dismiss that challenges the truth of jurisdictional facts alleged in a complaint."); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993); Reynolds v. Army & Air Force Exchange Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Where, as here, the

---

United States, 352 U.S. 270, 276 (1957).

Court lacks jurisdiction over the subject matter of the complaint, the correct remedy is dismissal of the action. "[U]nder [Court of Federal Claims] Rule 12(h)(3), this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . .'" Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368 (1988) (alteration in original).

Summary judgment is proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Although the facts "must be viewed in the light most favorable to the party opposing the motion," United States v. Diebold, Inc., 369 U.S. 654, 655 (1961) (per curiam), "a mere 'metaphysical doubt' will not prevent the granting of a summary judgment motion." Cloutier v. United States, 19 Cl. Ct. 326, 328 (1990), aff'd mem., 937 F.2d 622 (Fed. Cir. 1991). The evidence presented "must be more than merely colorable." C.W. Over & Sons, Inc. v. United States, 44 Fed. Cl. 18, 22 (1999) (citing Celotex v. Catrett, 477 U.S. 317, 323 (1986)); Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1560 (Fed. Cir. 1988) ("If the evidence [of the non-movant] is merely colorable, or is not significantly probative, summary judgment may be granted.").

The summary judgment procedure "must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and in which that party will bear the burden of proof at trial. A complete failure of proof concerning an essential element of the non-movant's case entitles the movant to judgment as a matter of law." Cloutier, 19 Cl. Ct. at 328 (citing Celotex, 477 U.S. at 323-24). In this regard, summary

judgment "'is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. . . .'" Tabb Lakes v. United States, 26 Cl. Ct. 1334, 1344 (1992) (quoting Celotex, 477 U.S. at 327), aff'd, 10 F.3d 796 (Fed. Cir. 1993).

## II. Plaintffs' Claims Are Barred By The Six-Year Statute Of Limitations

### A. Plaintiff's Claim Is Subject To The Six-Year Statute Of Limitations

In order for a claim to fall within the jurisdiction of the Court of Federal Claims, a plaintiff is required to file its claim within the applicable statute of limitations.[8] Cook v. United States, 32 Fed. Cl. 783, 785 (1995); D'Andrea v. United States, 27 Fed. Cl. 612, 614, aff'd, 6 F.3d 786 (Fed. Cir. 1993). The statute of limitations applicable to Plaintiffs' takings claims is set forth in 28 U.S.C. § 2501 and provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The six-year limitation is "an 'express limitation on the Tucker Act's waiver of sovereign immunity.'" Franconia Assocs. v. United States, 240 F.3d 1358, 1362 (Fed. Cir. 2001) (quoting Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1998)). In Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988), the Federal Circuit observed that the six-year limitations period for actions against the United States "is a jurisdictional requirement attached by Congress" that must be strictly construed. "[F]ailure to comply with the statute of limitations places the claim beyond the court's power to hear and decide." Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404 (1994) (citing Soriano v.

[8] The Supreme Court is currently reviewing whether the Tucker Act's six-year statute of limitation, 28 U.S.C. § 2501, is jurisdictional. See John R. Sand v. United States, 457 F.3d 1345 (Fed. Cir. 2006), cert. granted, 127 S.Ct. 2877 (May 29, 2007) (No. 06-1164). Should the Supreme Court reverse this well-established principle before this Court rules on this motion, Defendant respectfully requests that the Court consider this motion as one raised under Rule 12(b)(6).

United States, 352 U.S. 270, 273 (1957)); see also Ariadne Financial Services Pty. Ltd. v. United States, 133 F.3d 874, 878 (Fed. Cir.) cert. denied, 525 U.S. 823 (1998) (citing Borough of Alpine v. United States, 923 F.2d 170, 171 n.1 (Fed. Cir. 1991)). "Because the limitations period is an express condition of the Government's consent to be sued, the court lacks the power to toll the running of the statute of limitations on equitable grounds." Simmons v. United States, 53 Fed. Cl. 131, 133 (2002), aff'd, No. 02-5163, 2003 WL 23415938 (Fed. Cir. Jan. 10, 2003) (unpublished per curiam).

**B. Plaintiffs Bear The Burden Of Establishing The Court's Jurisdiction**

Moreover, it is well-established that the party asserting jurisdiction bears the burden of demonstrating that the Court possesses jurisdiction to hear its claims. Thomson v. Gaskill, 315 U.S. 442, 446 (1942); Reynolds, 846 F.2d at 748. The Supreme Court has addressed the burden of establishing jurisdiction in federal courts by stating that the statutory authority vested in the court to enforce its jurisdictional limitations,

> precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 179 (1936), quoted in Catellus Dev. Corp., 31 Fed. Cl. at 404-05. "[B]ecause the statute of limitations is jurisdictional, a plaintiff bears the burden of proving that its action was timely filed." McDonald v. United States, 37 Fed. Cl. 110, 113 (1997) (citing Mason v. United States, 27 Fed. Cl. 832, 836 (1993)). As the Supreme Court has repeatedly held, "[w]e presume that federal courts lack jurisdiction unless 'the contrary appears affirmatively from the record.'" Renne v. Geary, 501 U.S. 312, 316 (1991)

(quoting Bender v. Williamsport Area School Dist., 475 U.S. 534, 546 (1986), and King Bridge Co. v. Otoe County, 120 U.S. 225, 226 (1887); see also McNutt, 298 U.S. at 189.

In addition, "[A] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Bowen v. United States, 292 F.3d 1383, 1385–86 (Fed. Cir. 2002) (quoting Chandler v. United States, 47 Fed. Cl. 106, 113 (2000)); see also Kemp, 65 Fed.Cl. at 825 (quoting Alliance of Descendants of Texas Land Grants v. United States, 37 F.3d 1478, 1481-82 (Fed Cir. 1994)). This Court has long recognized that "'a cause of action for an unconstitutional taking accrues at the time the taking occurs.'" Hair v. United States, 52 Fed. Cl. 279, 282 (2002), aff'd, 350 F.3d 1253 (Fed. Cir. 2003) (quoting Steel Improvement & Forge Co. v. United States, 174 Ct. Cl. 24, 355 F.2d 627, 631 (1966)). In determining when a claim has accrued, the court applies an objective standard. Fallini v. United States, 56 F.3d 1378, 1380 (Fed. Cir. 1995), cert. denied, 517 U.S. 1243 (1996).

Here, Plaintiffs cannot satisfy their burden to establish subject matter jurisdiction. Assuming the allegations in the Complaint are true, Plaintiffs' claims are clearly time-barred. Plaintiffs filed their Complaint on September 5, 2007, alleging a July 1, 1999 date of taking. On the face of the complaint, the limitations period applicable to Plaintiffs' claims expired on July 1, 2005, more than two years prior to Plaintiffs' filing their Complaint in this Court. Accordingly, Plaintiffs claims are barred and must be dismissed.

## III. Plaintiffs Claims Are Barred By the Doctrine of Laches

Even assuming, arguendo, that the statute of limitations does not bar plaintiffs' claims,

this Court should grant Defendant summary judgment based on the doctrine of laches. Laches is "the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar [to suit]." Raitport v. United States, 33 Fed. Cl. 155, 159 (1995), quoting A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1028-29 (Fed. Cir. 1992) (en banc). Plaintiffs' inexplicable decision to sit on their claims for more than eight years has prejudiced Defendant; therefore, Plaintiffs should be barred from recovery.

The application of laches is within the sound discretion of the trial court. Raitport v. United States, 33 Fed. Cl. at 159; A.C. Aukerman v. R.L. Chaides, 960 F.2d at 1032. Though not based on rigid rules, a rebuttable presumption of laches arises upon proof that a plaintiff, without good excuse, delayed filing suit for more than six years. Raitport, 33 Fed. Cl. at 160; De Graffenried v. United States, 20 Cl. Ct. 458, 487 (1990); see also Pratt & Whitney Canada Inc. v. United States, 12 Cl. Ct. 221, 222 (1987). To overcome the presumption of laches, Plaintiffs must produce evidence that the eight-year delay was reasonable, or that Defendant was not prejudiced by the delay. Raitport, 33 Fed. Cl. at 161; A.C. Aukerman v. R.L. Chaides, 960 F.2d at 1032, 1038. Further, "the greater the lapse of time, the less need there is to show specific prejudice." Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146, 1150 (1977). While the burden of proving the affirmative defense of laches ultimately rests with defendant, Plaintiffs must present sufficient evidence that there is a genuine issue of fact to overcome the presumption of laches. Raitport, 33 Fed. Cl. at 161. This Plaintiffs cannot do.

The evidence demonstrates that Plaintiffs' delay in filing this action was inexcusable. Plaintiffs waited more than eight years after the alleged July 1999 date of taking to file their

Complaint. Nearly nine years ago, in December 1998, the first F/A-18 C/D Hornet squadrons arrived at NAS Oceana from NAS Cecil Field. The aircraft have been flying continuously since. Whatever impacts Plaintiffs allege they have experienced as a result of the relocation of the Hornet were present throughout these many years, yet Plaintiffs have not pursued their claims. They could have joined the litigation sponsored by the Jet Noise Litigation Group when Testwuide v. United States (April 2001) was filed or any reasonable time thereafter.

Following the denial of the motion for class certification, Plaintiffs could have responded to the advertising campaign to join the litigation. Plaintiffs' counsel informed the residents of Virginia Beach and Chesapeake, Virginia, of the litigation through mass-mailings and the Internet. As noted above, one Jet Noise Litigation Group brochure warned potential plaintiffs not to sit on their potential claims: "[Y]our property is not covered by the [Testwuide] lawsuit or the other two subsequent suits we have filed." Ex. A (OCE228590). The brochure added that the litigation group could not state when homeowners claims would be barred by the statute of limitations period, but "it is prudent to file all claims within a very short time." Id. For those homeowners interested in becoming a plaintiff, the brochure provided a phone number, fax number, website address, and additional contact information for the litigation group. Additionally, the litigation has been documented in the local newspaper and on television broadcasts. Ex. B. In response to this advertising blitz, and after having allegedly experienced the F/A – 18 C/D overflights for approximately five years, Plaintiffs could have joined any of the nine previous cases, all but one of which was filed in 2004. Moreover, the fact that the last of the cases (Mack, et. al. v. United States, 05-628) was filed on June 16, 2005, only two weeks before the statute of limitations expired, demonstrates clearly that the previous plaintiffs were

well aware of when the statute expired. These Plaintiffs, however, opted to sit on their potential claims for over two more years.

Moreover, Plaintiffs' delay in filing this action is even more unreasonable, considering that the concern with the noise impacts of the F/A-18 C/D aircraft, which comprises the basis of plaintiffs' takings claims, were anticipated well before the July 1999 alleged date of taking. The relocation of the aircraft to NAS Oceana from NAS Cecil Field in Florida was part of the Navy's implementation of the 1995 round of base closures that were conducted pursuant to the Defense Base Closure and Realignment Act of 1990, as amended (10 U.S.C. § 2687 note) ("BRAC Law"). Keeley Decl., ¶ 8. As early as 1997, the Navy held public hearings pursuant to the Environmental Impact Statement process in accordance with the National Environmental Policy Act (42 U.S.C. § 4321 et. seq.) where citizens voiced concerns over potential noise increases resulting from the Hornet squadrons. On July 15, 1998, CCAJN brought suit attempting to thwart the Navy's decision to assign the squadrons to NAS Oceana. See Citizens Concerned About Jet Noise v. Dalton, 48 F. Supp. 2d 582 (E.D. Va. 1999), aff'd, 217 F.3d 838 (4th Cir. 2000). Thus, it is clear that plaintiffs' delay in bringing their claims, which were based on information that was publicized for approximately a decade, was unreasonable and has prejudiced Defendant.

Additionally, one of Plaintiffs' proposed class representatives in the related Askins Complaint, Thomas Askins, was deposed on August 2, 2005 as part of the test case, and his testimony is illustrative of the knowledge of the F/A-18 C/D well before the July 1, 1999 alleged date of taking. See Exhibit D. Mr. Askins was aware of the public hearings associated with the F/A – 18 C/D Environmental Impact Statement before the aircraft were transferred to NAS

Oceana. Exhibit D at 14. Mr. Akins testified that he believed the noise environment increased with the arrival of the F/A-18 C/Ds in 1998. Exhibit D at 11. In fact, Mr. Askins became involved with CCAJN in 1998 or 1999, and monitored military aircraft with a noise monitor and video recorder as far back as 2000. Exhibit D at 21-24.

In sum, even putting aside the statute of limitations, Plaintiffs' claims should be barred by the doctrine of laches, considering the prejudice Defendant has suffered as a result of Plaintiffs' unreasonable eight-year delay in filing their Complaint based on an alleged July 1999 overflight taking.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion to

Dismiss because Plaintiffs' claims are barred by the statute of limitations. Alternatively, Defendant respectfully requests the Court grant its Motion for Summary Judgment based on the doctrine of laches.

Dated this 19th day of November, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s// Steven D. Bryant
STEVEN D. BRYANT
Environment & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants
202-305-0424

Of Counsel:

ROBERT J. SMITH
Navy Litigation Office
Washington, D.C. 20374