**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CAROLE AND ROBERT TESTWUIDE
916 North Oriole Drive
Virginia Beach, VA 23451;

And

KAREN AND RONALD GREEN
114 London Ridge Road
Virginia Beach, VA 23454;

And

GRACE AND JOSEPH LOCASTO
1105 Murray Drive
Chesapeake, VA 23322;

And

GEORGE BUNN
320 Scott Lane #A
Virginia Beach, VA 23454;

And

SANDRA AND JAMES LYLES
950 Maryland Avenue
Virginia Beach, VA 23451

For Themselves and as
Representatives of a Class of
Similarly Situated Persons,

*Plaintiffs*,

-vs-

THE UNITED STATES,

*Defendant*.

No. ______________________________

**CLASS ACTION COMPLAINT**
**FOR INVERSE CONDEMNATION**

Plaintiffs, for themselves and as representatives of a class of similarly situated persons, sues the Defendant, The United States of America, and for their complaint state:

**Parties and Jurisdiction**

(a) Plaintiffs are as follows:

(b) Carole and Robert Testwuide have lived at 916 North Oriole Drive since 1986.

(c) Karen and Robert Green have lived at 114 London Bridge Road for the past seventeen years.

(d) Grace and Joseph LoCasto live at 1105 Murray Drive near the Fentress auxiliary landing filed.

(e) George Bunn owns the property located at 320 A Scott Lane in the Oceana Gardens neighborhood.

(f) Sandra and James Lyles own the property located at 950 Maryland Avenue in the Shadowlawn neighborhood of Virginia Beach.

2. The Defendant is the United States of America, acting through the Department of Defense, Department of the Navy, in operating the Naval Air Station Oceana ("NAS Oceana") in Virginia Beach, Virginia and Naval Auxiliary Landing Field Entries ("NALF Fentress") in Chesapeake, Virginia. NALF Fentress is used in conjunction with flight operations at NAS Oceana.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) (hereafter, the "Tucker Act") in that this action presents a claim of inverse condemnation against the United States founded upon the Fifth Amendment to the Constitution.

4. Plaintiffs bring this action individually and as the representatives of all members of a plaintiff class pursuant to Rule 23 of the Rules of this Court.

5. The class of persons represented by Plaintiffs is composed of all those persons, the use and enjoyment of whose residential real property was destroyed or substantially interfered with

on and after July 1, 1998 by the operations of F/A-18 fighter jets from NAS Oceana and NALF Fentress over and around Plaintiffs' property, which constituted a taking by the United States without payment of just compensation. The classes of Plaintiffs are defined as follows:

Class 1 – 80 + dB DNL

Owners of all residential properties as of July, 1998, located in a noise zone of 80 or more dB DNL in the 1999 Noise Contours for NAS Oceana or NALF Fentress and in a noise zone of at least 5 dB DNL lower in the 1997 Noise Contours, both as established by Wyle Laboratories, Inc. in Report 97-10 dated February, 1998.

Class 2 – 65-79 dB DNL

Owners of all residential properties as of July, 1998, located in a noise zone of 65-79 dB DNL in the 1999 Noise Contours for NAS Oceana or NALF Fentress and in a noise zone of at least 5 dB DNL lower in the 1997 Noise Contours, both as established by Wyle Laboratories, Inc. in Report 97-10 dated February, 1998.

6. The class as defined above is definable and manageable. The number of class members is in the thousands and constitutes a class so numerous that joinder of all class members is impracticable. Plaintiffs are members of the class.

7. There are questions of law and fact common to the Plaintiffs and to the proposed class, including but not limited to the following:

(a) Whether and when the United States transferred 156 F/A-18 fighter jets to NAS Oceana from other air bases:

(b) Whether such action by the United States and/or the operation of those jets constitutes a taking of private property for public use within the meaning of the Fifth Amendment to the Constitution;

(c) Whether the United States must pay just compensation to the Plaintiffs for the taking of their property for public use.

(d) Whether there is a common methodology for determining damages to the class.

8. Plaintiffs' claims are typical of the claims of the class.

9. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class, they will fairly and adequately protect the interests of the proposed class, and they are represented by counsel skilled and experienced in class actions and in inverse condemnation, takings and eminent domain.

10. The United States' actions are generally applicable to the class as a whole.

11. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.

12. The claims of many individual members are so modest that it is doubtful that they would be pursued on an individual basis due to the time and expense necessary to conduct such litigation. The prosecution of individual actions by members of the class, if pursued on an individual basis, would create the risk of inconsistent or varying adjudications.

13. The United States, at all times relevant to this case, operated NAS Oceana in Virginia Beach, Virginia and NALF Fentress is Chesapeake, Virginia.

14. In 1993 and 1995, the Department of Defense Base Closure and Realignment Commission ("BRAC") mandated the closure of NAS Cecil Field in Florida, necessitating the relocation of eleven squadrons of F/A-18 fighter aircraft to other Navy and/or Marine Corps airfields.

15. On or about May 18, 1998, Deputy Assistant Secretary of the Navy, Duncan Holaday, directed realignment of nine F/A-18 fleet squadrons (156 aircraft) to NAS Oceana, which included increased flight operations at NALF Fentress.

16. Flight operations for the F/A-18 fighters began in or about July, 1998. The flight paths of the F/A-18 fighters is directly over or in close proximity to the property owned by Plaintiffs and the Class.

17. The additional operations from the F/A-18 fighters dramatically increased the number of flights at NAS Oceana and NALF Fentress. Further, the F/A-18 fighter produces significantly higher levels of noise and vibration than predecessor aircraft, such as the F-14. Indeed, the F/A-18 is twice as loud as the F-14.

18. The noise from the regular, frequent and persistent flights of the F/A-18 fighters directly over and in close proximity to Plaintiffs' properties has substantially interfered with the use and enjoyment of Plaintiffs' property and has diminished the value of Plaintiffs' property.

19. The substantial interference with the use and enjoyment, and the diminution in value of Plaintiffs' property constitutes a taking of Plaintiffs' private property for public use by the Defendant, United States.

20. Plaintiffs are entitled to just compensation for the value of the property taken and the diminution in value to the remaining property not taken.

WHEREFORE, Plaintiffs demand just compensation in an amount to be determined at trial to which they are entitled under the Fifth Amendment to the Constitution, and for such further relief as justice demands.

Respectfully submitted,

Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
kquinn@quinnlaw.com

Attorney of Record for
Plaintiffs under
Rule 81(d)

Of Counsel

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 W. Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwofl@quinnlaw.com

Thomas Shuttleworth
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, VA 23452
(757) 671-6000
shuttleworth@srgslaw.com

Stephen C. Swain
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, VA 23452
(858) 671-6000
sswain@srgslaw.com

Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, VA 23452
lwoodward@srgslaw.com

Jack E. Ferrebee
Law Office of Jack E. Ferrebee
1060 Laskin Road, Suite 12B
Virginia Beach, VA 23452
(757) 425-2234
ferrebee@whro.net

Charles R. Hofheimer
Charles R. Hofheimer, P.C.
Ocean Plaza Corporate Center
303 34th Street, Suite 8
Virginia Beach, VA 23451
(757) 425-5200
chofheimer@hoflaw.co,