IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 01-201-L<br>Honorable Victor J. Wolski |

**DEFENDANT'S BENCH MEMORANDUM CONCERNING THE TOLLING EFFECT OF A MOTION FOR CLASS CERTIFICATION ON THE STATUTE OF LIMITATIONS**

Pursuant to this Court's Order on July 29, 2004, directing the parties to submit a legal memorandum addressing whether the plaintiffs' motion for class certification tolled the statute of limitations, defendant submits the following brief.

Plaintiffs filed their complaint and a motion for class certification on April 5, 2001. Testwuide v. United States, 56 Fed. Cl. 755, 756 (2003). Plaintiffs allege a taking as a result of military aircraft operations from Naval Air Station (NAS) Oceana and Naval Auxiliary Landing Field (NALF) Fentress located in Virginia Beach and Chesapeake, Virginia, respectively. Id. Plaintiffs contend that they have experienced increased aircraft noise resulting from the relocation of ten F/A-18 C/D aircraft squadrons that moved from NAS Cecil Field in Florida to NAS Oceana between December 1998 and July 1999. This Court denied plaintiffs' motion for class certification on June 17, 2003. Id. at 765-66.

Defendant denies that the aircraft operations of the relocated squadrons have resulted in a taking. Additionally, defendant is evaluating whether plaintiffs' claims are time barred based on

earlier aircraft operations at NAS Oceana and NALF Fentress before the squadrons transferred from Cecil Field. Of course, if the statute of limitations expired based on earlier aircraft operations then the filing of a class certification cannot revive the plaintiffs' claims. Nevertheless, for purposes of this brief only it is assumed that the earlier operations did not invoke the statute of limitations. Based on discovery to date, the earliest any alleged taking could have occurred was December 1998 when the squadrons began relocating to NAS Oceana. The six-year statute of limitations, assuming no tolling, would therefore expire no earlier than December 2004.[1]

A motion for class certification does not toll the statute of limitations for subsequent individual claims, when class certification is denied before the six-year limitations period expires. The line of cases addressing the effect upon claim accrual caused by a request for class certification arise from American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974). These cases reveal that the issue turns on whether tolling is necessary in order to preserve the principles underlying class certification and statutes of limitations. Because there is no need to hold that the statute of limitations is tolled in the present case in order to preserve these principles, the filing of plaintiffs' motion to seek class certification should have no impact on the statute of limitations.

[1] Consequently, deciding whether the pendency of class certification tolled the statute of limitations in this case is premature. See generally Massachusetts Bay Transp. Authority v. United States, 21 Cl. Ct. 252, 257-58 (1990).

In American Pipe, the Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. This holding reflected a balancing of the purpose of a statute of limitations with the application of Fed. R. Civ. P. 23 to achieve "the efficiency and economy of litigation," which is "a principal purpose" of a class action. Id. at 553. With respect to statutes of limitation, "[t]he theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 348-49 (1944). Likewise, it has long been recognized that statutes of limitation free courts of the burden of trying stale claims when plaintiffs "sleep on their rights." Burnett v. New York Cent. R. Co., 380 U.S. 424, 428 (1965). The Supreme Court elaborated on this issue in Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983):

> American Pipe was a federal antitrust suit brought by the State of Utah on behalf of itself and a class of other public bodies and agencies. The suit was filed with only 11 days left to run on the applicable statute of limitations. The District Court eventually ruled that the suit could not proceed as a class action, and eight days after this ruling a number of putative class members moved to intervene. This Court ruled that the motions to intervene were not time-barred. The Court reasoned that unless the filing of a class action tolled the statute of limitations, potential class members would be induced to file motions to intervene or to join in order to protect themselves against the possibility that certification would be denied. The principal purposes of the class action procedure – promotion of efficiency and economy of litigation – would thereby be frustrated. To protect the policies behind the class action procedure, the Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.

Crown, Cork, 462 U.S. at 349 (internal citations to American Pipe omitted).

American Pipe and its progeny involve facts in which the applicable limitations period

would have expired before the decision on class certification unless the statute of limitations was tolled.[2] Tolling the statute of limitations during the pendency of the earlier filed class action protected the policies of class action procedure because, absent such tolling, the "potential class members . . . 'would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable.'" Barbieri v. United States, 15 Cl. Ct. 747, 751 (1988) (quoting American Pipe, 414 U.S. at 553); see also Crown, Cork, 462 U.S. at 350-51 ("[a] putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations"). Requiring potential class members to take such affirmative action in order to preserve their claims would undermine "the utility of the class action device ... a result totally at odds with the essential thrust of the American Pipe decision." Barbieri, 15 Cl. Ct. at 751.

[2] For example, as noted above, the class action at issue in American Pipe was filed 11 days before the applicable statute of limitations was due to expire. 414 U.S. at 541. Similarly, the class action in Barbieri v. United States, 15 Cl. Ct. 747, 751 (1988), was filed "[i]n the waning months of the limitations period" and the claims filed just two months after this earlier class certification was denied were "clearly time-barred" unless the limitations period was tolled under American Pipe. 15 Cl. Ct. at 749. See also Christian v United States, 46 Fed. Cl. 793, 815-18 (2000) (certifying a class action and treating a motion for intervention, which was filed in order to protect a claimant's rights from being time-barred if the class was not certified, as a motion to join the opt-in class); McKowan Lowe & Co. v. Jasmine, Ltd., 295 F.3d 380, 383, 389 (3rd Cir. 2002) (applying American Pipe to toll the statute of limitations applicable to the intervenors claims where that statute otherwise would have run during the pendency of the proposed class action), cert. denied, Arthur Anderson, LLP v. Berger, 123 S. Ct. 691 (2002).

The policy considerations and facts, which gave rise to and supported the application of tolling principles in American Pipe, are absent in this case. Unlike the statute of limitations in American Pipe, in this case the limitations period did not expire before the date class certification was denied, but rather will expire well after that date. As the F/A-18 C/D squadrons did not begin to arrive at NAS Oceana until December 1998, the earliest the statute of limitations could have run is December 2004. Since class certification was denied on June 17, 2003, and the earliest expiration of the limitations period is December 2004, any plaintiff wishing to bring suit has a period of one year and six months after denial of class certification in which to do so. Thus, plaintiffs will have had an amble opportunity to file timely claims related to the relocation of the aircraft squadrons from NAS Cecil Field to NAS Oceana. Moreover, approximately four months *still* remain before the limitations period will expire. Accordingly, American Pipe is inapplicable to this case.

The need for restraints to avoid improper manipulation of class action procedures using the tolling effect is well established. Concurring in American Pipe, Justice Blackmun noted that permitting a request for class certification to toll the statute of limitations can be subject to abuse: "Our decision, however, must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights." American Pipe, supra, at 561; see also Crown, Cork, 462 U.S. at 354 (concurring).[3]

To avoid the abuse of which Justice Blackmun forewarned, courts have limited the tolling effect of seeking class certification. For example, a denial of class certification does not toll the

---

[3] We do not contend that plaintiffs are engaged in improper manipulation. But the policy considerations that underlie concerns about the potential for such manipulation are relevant here.

statute of limitation for subsequent class actions. Courts have soundly rejected piggybacking successive class actions to keep alive the claims of individual class members despite their inaction. In Basch v. Ground Round, Inc., 139 F.3d 6 (1st Cir.), cert. denied, 525 U.S. 870 (1998), the First Circuit declined to extend the American Pipe rule to allow plaintiffs to "stack one class action on top of another" and thereby "resuscitate" claims that would otherwise be time-barred. 139 F.3d at 11-12. See also Robbin v. Fluor Corp., 835 F.2d 213, 214 (9th Cir. 1987) (agreeing with the Second Circuit's decision in Korwek "that to extend tolling to class actions 'tests the outer limits of the American Pipe doctrine and . . . falls beyond its carefully crafted parameters into the range of abusive options.'" (quoting Korwek, 827 F.2d at 879)); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir. 1985) (agreeing with the Second Circuit's decision in Korwek "that to extend tolling to class Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994) (affirming the trial court's determination that the plaintiffs "may not piggyback one class action onto another and thus toll the statute of limitations indefinitely"), cert. denied, Florida v. Platt, 513 U.S. 1077 (1995); Catholic Soc. Serv., Inc. v. INS, 182 F.3d 1053, 1059 (9th Cir. 1999).[4]

Additionally, in Chardon v. Soto, 462 U.S. 650 (1983), the Supreme Court refused the contention that Fed. R. Civ. P. 23 contains a uniform tolling provision that suspends the statute of limitations during the pendency of a class action. Chardon, supra, at 662-69. That case involved civil rights claims under 42 U.S.C. §1983 brought by a group of school employees from the Commonwealth of Puerto Rico against their supervisors. Id. at 651-52. The plaintiffs

[4] The Third Circuit carved out a narrow exception to this general rule, holding that "that the class claims of intervening class members are tolled if a district court declines to certify a class for reasons unrelated to the appropriateness of the substantive claims for certification." McKowan, 295 F.3d at 389. The decision was firmly grounded on the fact that the district court "had not yet reached the issue of the validity of the class." Id.

initially sought a class action just before the one-year statute of limitations expired. Id. at 651-52. After the court denied class certification, the plaintiffs sought to revive their claims by filing individual cases. Id. at 652. The applicable tolling provision was particularly generous, re-starting the statute of limitations rather than suspending the period during the class certification process. Id. at 652-53. This distinction was significant because plaintiffs' claims would have been time-barred unless the statute of limitations started anew when class certification was denied. Id. at 653.

Because the Court held that American Pipe did not mandate a uniform federal tolling provision under Fed. R. Civ. P. 23, it applied Puerto Rico's more expansive tolling provision. Notwithstanding that the Chardon decision increased the time available to the plaintiffs for filing their actions, the fact remains that the Court rejected the argument that Rule 23 contains a uniform tolling provision.

Accordingly, unlike the situation presented in American Pipe, this case does not involve individual claims which would have been time-barred–before the class certification was denied–but for the tolling rule. Moreover, because such a substantial amount of the six-year limitations period remained (and continues) since the Court denied class certification, plaintiffs have not been faced with a situation that required them to intervene or file an individual suit "to ensure that their rights would not be lost in the event class certification was denied." Crown, Cork, 462 U.S. at 350. There is absolutely no threat of "needless multiplicity of actions–precisely the situation [Rule] 23 and the tolling rule of American Pipe were designed to avoid." Id. at 351. Additionally, providing plaintiffs with an additional two years and two months (the period in which the class certification motion was pending) would not serve the principles the Supreme Court outlined in American Pipe.

Dated this _____ day of September, 2004

Respectfully submitted,

______________________________

JULIA K. EVANS
STEVEN D. BRYANT
United States Department of Justice
Environment and Natural Resources Div.
General Litigation Section
P.O. Box 663
Washington, DC 20044-0663
(202) 514-4485

Of Counsel:

Robert J. Smith
Mary S. Raival
Navy Litigation Office
720 Kennon Street SE, Bldg. 36
Washington, D.C. 20374

CDR Dominick Yacono, JAGC, USN
Commander Navy region, Mid-Atlanic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737