**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS F. ABERNETHY., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 07-651L** |
| | ) | **Honorable Victor J. Wolski** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned counsel, respectfully move for leave to file a Sur-Reply Memorandum to Defendant's Reply in Support of Defendant's Motion to Dismiss or, alternatively, for Summary Judgment. As set forth more fully below, Defendant inserted new "facts" and legal issues in its reply memorandum that were not included in the motion itself, thereby depriving Plaintiffs of an opportunity to address those "facts" and issues. Moreover, the Supreme Court decision in *John R. Sand & Gravel Co. v. United States*, No -06-1164, 2008 U.S. LEXIS 744 (January 8, 2008), which forms the basis for much of Defendant's legal argument on reply, was decided four days ***after*** Plaintiffs filed their opposition to the motion. If Plaintiffs are not allowed the opportunity to submit the requested rebuttal, they will not be heard on the issues that could result in disposition of the case.

Prior to filing this motion, Martin E. Wolf, counsel for Plaintiffs, contacted counsel for the Government and asked if Defendant would object to this motion. Mr. Bryant stated that the Government would not object to a sur-reply that addressed *John R. Sand* only, and would

consider another issue if we identified it in advance and explained why we thought we should be allowed to address it. He stated that the Government would not consent to a comprehensive sur-reply. Plaintiffs consider the present request to be comprehensive in that 4 of 5 arguments made by the Government are new either in whole or in part. Accordingly, Plaintiffs anticipate that the Government will object to this request.

**BASIS FOR MOTION**

In their memorandum in opposition to Defendant's motion, Plaintiffs foretold that the Defendant's filing of a barebones motion without addressing *American Pipe* would cause new issues to be raised in Defendant's reply memorandum. That now has come to pass. Coupled with the Supreme Court's decision in *John R. Sand*, Defendant's reply memorandum presents an entirely different motion from the one actually filed.

When faced with circumstances such as those before the Court, this Court has allowed parties to file sur-replies to address the new issues. In *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 163 (2006), for example, the Court granted the Government's motion for leave to file a sur-reply to address two new issues raised in the Plaintiff's motion for attorney's fees and costs for failure to produce discovery. *See also Impresa Construzioni Geom. Domenicao Garufi v. United States*, 73 Fed. Cl. 718, 720 (2006)(Government allowed to file sur-reply to address new issues raised in reply).

In its reply memorandum, the Defendant presented five arguments: (1) 28 U.S.C. § 2501 cannot be tolled under the opinion in *John R. Sand*, (2) *American Pipe* tolling is equitable tolling, (3) *American Pipe* does not apply to opt-in class actions, (4) the policy considerations underlying American Pipe do not support tolling in the present case, and (5) the claims are barred by laches. Of these 5 arguments, only the fourth was part of the Defendant's bench

memorandum that was filed in Testwuide. Plaintiffs anticipated this argument (Opposition at p.p. 14-15) and addressed it. The other four are either in whole or in part new to the reply memorandum.

Arguments 1 and 2 are directly related to the *John R. Sand* decision. That opinion was entered by the Supreme Court on January 8, 2008. Plaintiffs filed their memorandum in opposition to Defendant's motion on January 4, 2008. Thus, Plaintiff could not have addressed *John R. Sand*. Of course, Plaintiffs are not suggesting that the Defendant has done anything improper by citing to *John R. Sand* in its reply memorandum, only that Plaintiffs should be afforded an opportunity to present their analysis and argument to the Court for consideration.

Argument 3, the "opt-in" argument, was raised for the first time in the reply memorandum. It is imperative that Plaintiffs be allowed to point out to the Court that *Testwuide*, the case that invokes *American Pipe* tolling, was not an opt-in class. Defendant's analysis, even if it is accepted which it should not, is inapplicable. The Court must have that information before it to make the record complete in the event of an appeal. Otherwise, Plaintiffs will be foreclosed from making the argument should this case go to the Federal Circuit or further.

Finally, Defendant attempts to place some "evidence" of prejudice in the record to support its laches argument. Defendant asserts that it has been prejudiced, without the support of an affidavit or otherwise, because three witnesses may be unavailable to testify at trial of this matter. If the Court allows this "evidence" (such as it is) into the record – which it should not – Plaintiffs must be allowed to demonstrate that there is no prejudice in any event.

Oral argument is scheduled for March 13, 2008. The pending request to file a sur-reply will not delay oral argument or the Court's consideration of this dispositive motion.

WHEREFORE, Plaintiffs request that the Court enter an Order allowing Plaintiffs to file a Sur-Reply Memorandum to Defendant's Reply in Support of Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment on or before February 22, 2008, and granting such further relief as justice demands.

Respectfully submitted,

Date: February 12, 2008

s/Martin E. Wolf

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue
Suite 402
Towson, MD 21204
(410) 825-2300
(410) 825-0066 fax
mwolf@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

Of counsel:

Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
102 W. PennsylvaniaAvenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com

Kristen D. Hofheimer
Charles R. Hofheimer
Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com
jferrebee@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Charles Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
scswain@srgslaw.com
clustig@srgslaw.com